ERIC WATKINS
7990 Hampton Blvd, apt 110
North Lauderdale FL. 33068

FILED BY ___ D.C.
JAN 14 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ERIC WATKINS
          Plaintiff,
V                                    CASE NO.

FORT LAUDERDALE POLICE
OFFICER (name unknown at this time), the City of
FT. LAUDERDALE et al.
          Defendants.
_____/

(1) Jurisdiction is invoked, pursuant to 42 U.S.C. 1983.

(2) Plaintiff, Eric Watkins, is a resident of Florida whose mailing address is 7990 Hampton Blvd, apt 110, North Lauderdale, Florida 33068

(3) Defendant Fort Lauderdale police officer (name unknown at this time) was employed as a Ft. Lauderdale police officer. At the time of the

1 OF 14 pp

[FILED BY ___ D.C. / JAN 14 2021 stamp]

alleged claim in this complaint the defendant acted in his individual and official capacity. Hence plaintiff is suing him in his individual and official capacity.

(4) Defendant City of Ft. Lauderdale is the municipal of Ft. Lauderdale. At the time of the alleged claim in this complaint the defendant acted in its individual and official capacity and as such I am suing it in its individual and official capacity.

## Nature of the Case

(5) On January 17, 2020 the defendants did violate plaintiff First and Fourteenth Amendment right when trespassing plaintiff from a post office parking.

## Cause of Action

(6) I allege that the claims arise under the following provisions of law of the United States and that the following facts form the basis of my allegations.

2 of 14

## Counts one

(7) On January 19, 2017 the defendant Ft. Lauderdale police officer (name unknown at this time but herein referred to as defendant, or officer) did violate my, plaintiffs, First and Fourteenth Amendment rights when he, without authorization or statutory authority, trespass warned plaintiff from being in and from ever returning to, the post office parking lot that was public property open to the public. The defendant officer's trespass warning against plaintiff was in retaliation for plaintiff video taping him and singing an anti-gay song - both protected rights of the First Amendment. Plaintiff is suing the defendant in his individual and official capacities.

## Supporting facts

(8) On January 19, 2017 while I was parked in a post office parking lot, located at 400 NW 7th ave, Ft. Lauderdale Fl. 33311, and singing a song entitled Boom Bye Bye by Reggea artist Buju Banton - an anti-gay song - the defendant, after being parked in the parking lot for more than an hour, exited his police car with a dog and began to walk through the parking lot with the dog.

(9) For the time the officer was in the parking lot

I had been singing the anti-gay song and continued to sing the song when the officer exited his car and began to walk through the parking lot.

(10) While the defendant walked through the lot with the dog I also began to video tape him while I sang.

(11) The defendant became angry and shined his light at me for a while while ordering me not to video tape him. I ignored his order and continued to sing and video tape him.

(12) The Defendant then walked around my car and allowed his dog to climb up on the door and glass of the passenger side of my car. The dog scratched up on my door and glass. I continued to sing the anti-gay song and to video tape the officer.

(13) When the defendant realized that I was not going to stop singing the song and not going to stop video taping him he removed the dog from off of my car and walked back around to the left rear side of my car and just stood there

4 of 14 pp

with the day watching me in an angry menacing manner.

(14) I then stopped singing and asked the defendant what was the problem. The defendant responded to me "get your car moving and go right now." When I ask why he said to me "this is not a public parking lot you need to leave right now and dont come back here again."

(15) I then asked him if he's trespassing me from the post office parking lot and he nodded his head indicating yes and he refuse my request for the case number associated with the incident.

(16) I left the post office lot and never returned.

(17) Prior to the January 17, 2017 incident I had had another incident with the same defendant officer. He had been in the parking lot pick up for some time and I was singing boom bye bye and while he was leaving he stopped his police car in front of my car and shown the police light on me while I was outside my car video taping him leaving and singing boom bye bye. He then threatened me

5 OF 14 pp

telling me that the next time he return to the parking lot and I'm singing and video taping him he's going to permanently trespass me from the parking lot.

(18) I ignored him and continued to sing and video tape him until he drove off and left the parking lot. Subsequent to that incident I had not seen him again for a long time until January 17, 2017.

(19) The post office and its parking lot is public property open to the public.

(20) The post office did not restrict any entry to its parking lot at any time and the parking lot is open as a drive through to the back road of the post office.

(21) There was no "no trespassing" signs on anywhere of the post office or its parking lot and no "no loitering signs" posted.

(22) Also there was no signs posted in the post office parking lot that gave notice that the Fort Lauderdale

6 of 14 pp

police department had the authority to order a person to leave the property or to trespass upon anyone from the property.

(23) The post office parking lot has two entrances and two exits both of which remains open 24 hours a day and there's no fencing that encloses the parking lot.

(24) There was no trespass affidavit on file giving Ft. Lauderdale P.D. authority to trespass or order anyone to leave the parking lot.

(25) Lastly, I was parked approximately 20 ft or more from the post office and the officer while video taping and more than 20 feet when he approached me.

(26) I had a First Amendment Right to free speech and to videotape in public. The First Amendment protects videotaping in public of police officers and singing in public. Corey Toole v City of Atlanta, et al. Appeal no. 19-11729 Docket no. 1:16-cv-02909-CAP, Cathy Smith v City of Cumming, 212 F.3d 1332, 1333 (11th Cir. 2000) Kelly v page 335 F.2d 114, 119 (5th Cir. 1964)

## Counts two

(27) On January 17, 2017 the defendant officer, (name unknown at this time) in his official capacity, did willfully violate plaintiff's due process right to return the United States post office and its parking lot when he indefinitely trespass warned me from being in the post office parking lot and from ever returning to the parking lot. This trespass warning was carried out by the defendant pursuant to the city of Ft. Lauderdale's unconstitutional code of ordinance section 16-26a and section 16-71(b)(2) that allowed the city's police officers to issue trespass warning to persons for various acts that violate the trespass ordinances but failed to give the person/violator an opportunity to be heard in the officer's trespass warning prior or subsequent to the trespass warning.

### Supporting facts

(28) Pursuant to City of Chicago v Morales 527 U.S. 41, 119 S.ct 1849, 1858, 144 L.Ed.2d 67 (1999) Plaintiff had a constitutionally protected liberty interest to be on city lands of his choice that are open

to the public.

(29) A post office and it parking lot is a public property that is open to the public. As plaintiff has demonstrated earlier the post office parking lot was open to the public without any restrictions for parking and for use as a drive route to the rear side street. See pages 6-7 of this complaint, para 19-25.

(30) Defendant officer, (name unknown at this time) was the state actor that trespassed plaintiff from the post office parking lot and hence the post office. see pages 1-2, 5 of this complaint, para 3, 7, 14-15

(31) The City of Ft. Lauderdale's code of ordinance section 16-26(a) and 16-71(c)(a) are constitutionally inadequate processes because they do not allow a person, who is trespass warned by the police from public or private property, the opportunity to be heard — that is the opportunity to challenge the officers trespass warn/deprivations. The ordinances, supra, only allows the officer to give notice of the deprivations/trespass warnings.

9 of 14 pp

(32) The Due process clause requires that a deprivation of life, liberty or property be preceded by notice and opportunity for hearing appropriate to the nature of the case. Cleveland Bd. of Educ. v Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 1493, 84 L Ed 2d 494 (1985) (Quoting Mullane v Cent. Hanover Bank & Trust Co. 339 U.S. 306, 70 S.Ct. 652, 656 94 L Ed 865 (1950)

### Argument three

(33) The defendant city of Ft. Lauderdale is liable and/or shares liability for the defendant officer's violation of my due process right, and my First Amendment right because of its constitutionally inadequate process, via its trespass ordinances, that fail to provide plaintiff an opportunity to be heard, or to challenge the officer's trespass warning, via an adequate hearing. Count three sues the city in it individual and/or official capacity-which ever or if both are applicable.

### Supporting facts

(34) As plaintiff has demonstrated earlier section

16-26(c) and 16-71(c)(2) are constitutionally inadequate processes for the purpose of meeting the Due process proscriptions of affording an opportunity to be heard. See pages 9 of this complaint, para 31.

(35) Plaintiff also invoke the facts stated herein under counts one and two of this complaint. See pages 3-10 para 8-26, 28-32 of this complaint.

(36) It was clearly established law that the Due process clause requires that a deprivation of life, liberty or property be preceeded by notice and opportunity to be heard appropriate to the nature of the case. Cleveland Bd. of Educ. v Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985) (Quoting Mullane v Cent. Hanover Bank and Trust Co. 339 U.S. 306, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950) The Government must provide the required notice and opportunity for a hearing at a meaningful time and in a meaningful manner, although the notice and hearing may be postpone until after the deprivation has occurred. See Mathews v Eldridge, 424 U.S. 319, 96 S.Ct. 893, 902, 47 L.Ed. 2d 18 (1976)

37) Clearly the city of Ft. Lauderdale was on notice of this clearly establish law, supra, yet failed to comply with it.

## Prayer for Relief

Wherefore Plaintiff respectfully ask that this court enter Judgment granting plaintiff the following:

38) Compensatory damages in the amount of one million dollars from the defendant for his retaliation against me for exercising my First Amendment Rights and for the humiliation and embarrassment I experienced and for the intimidation and fear of being arrested if I didn't leave as ordered and if I ever returned. To this day I've not returned to that post office parking lot. The compensatory damages, supra, is also for plaintiff being deprived of his right to access that U.S. post office.

39) Punitive Damages from the defendant in the amount of Two million dollars ($2,000,000.00) because of the malicious retaliation that was intended to punish plaintiff for the exercise of his First Amendment rights and to serve as a

12 of 14 ff

deterrent for other officers who may do the same and to prevent them from doing the same.

(40) That the City of Ft. Lauderdale pay Plaintiff Compensatory damages in the amount of one million dollars ($1,000,000.00) for plaintiff being deprived of patroning the subject post office and lot to conduct business as he was accustomed and for the continued intimidation and fear plaintiff continue to suffer from the defendants trespass warning caused by the City's lack of Due process that had it been in place, would have rectified the issue and plaintiff would not remain in fear of arrest if he patrons the postoffice or its parking lot.

(41) Plaintiff seek a Jury trial on all issues alleged herein.

(42) Any other relief deemed Just proper and equitable thats favorable to plaintiff.

Respectfully filed this 14 day of January 2021.

13 of 14 pp

Eric Watkins
7990 Hampton Blvd, Apt. 110
North Lauderdale, Florida
33068

Verification

(43) I Eric Watkins is the Plaintiff and undersigned in this civil complaint and declares that I have read the foregoing complaint and hereby verify and claim that the matters alleged herein are true and correct to the best of my knowledge and recollection, except in matters alleged on belief, and, as to those I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct.

Executed at Ft. Lauderdale Fl. on January 14, 2021.

/Eric Watkins

14 of 14 pp